## WASHINGTON ANDERTON vs. GEORGE WATKINS.

### York.    Opinion March 16, 1923.

*Prescriptive right for the public to use land as a highway does not permit the use of the locus as a landing or parking place for an aeroplane for one's own private gain.   A plaintiff in trespass relying on title under a release deed, must show either title in his grantor, or actual possession.   If, however, he or his grantor acquired title by warranty deed, he may maintain trespass against one showing no title, as he is then in constructive possession.*

If any rights have been acquired by the public by prescription to make use of the locus in question as a highway, it would not give the defendant the right to use it as a landing or parking place for an aeroplane for his own private gain.

Where a plaintiff in an action of trepass relies in his proof of title upon a mere release deed, unless he shows title in his grantor he must furnish proof of actual possession.

Where, however, he acquires his title by a warranty deed, or if it appears his grantor acquired his title by a warranty deed, it is sufficient to maintain an action of trespass against one showing no title in the premises, as the plaintiff is then held to be in constructive possession.

The plaintiff in this case, having shown that he acquired title to that part of the locus where the alleged trespass was committed of one who acquired his title by a warranty deed, is entitled to judgment in this action without further proof of actual possession.

No special damages being claimed in the declaration, and it not appearing that the alleged acts of trespass were wilful in the sense that they were done without any claim of right or license, exemplary damages are not warranted.

On report.    This is an action of trespass brought to recover damages which plaintiff alleges he suffered by reason of the defendant parking an aeroplane upon land claimed by plaintiff.   The general issue was pleaded and also a brief statement under which defendant set up want of title in plaintiff, and also alleged that the public had acquired a prescriptive right to use the locus as a highway. At the conclusion of the evidence, by agreement of the parties, the case was reported to the Law Court for final determination, with a

stipulation that in the event the finding was for the plaintiff, damages were to be determined. Judgment for the plaintiff. Damages assessed at one hundred dollars.

The case is fully stated in the opinion.

*Stewart & Putnam,* for plaintiff.

*Sewall & Waldron,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J.   An action of trespass *quare clausum* with a plea of general issue and a brief statement denying plaintiff's possession of the locus and claiming an easement in the public of free passage over the land described in the plaintiff's declaration.   It comes before this court on report.

The locus described in the plaintiff's declaration lies between the lines joining the four points marked A, B, C, D on the accompanying sketch, that is, between the so-called "New" or "State" Road on the west and the Ocean on the east.

The plaintiff owns lots marked 3 and 4 on the above sketch, the easterly bounds of which in the deeds conveying them to the plaintiff are the State Road.   No evidence is offered by the defendant that lot 5 or any other lot shown on the sketch extends farther east than the State Road.   In 1890, the plaintiff took a conveyance by quit-

claim deed from Samuel G. Donnell of all his right, title and interest in the land between the State Road and the Ocean and included within the bounds connecting the points A, B, C, D, on the above sketch.

The alleged acts of trespass consisted in using for a time the space in front of lot 4 between the Electric Railroad track and high-water mark and afterward during the months of July and August, 1921, the corresponding space in front of lot 5, at the point marked ''X'' on the above sketch, for a parking place for the defendant's aeroplane, he being an aviator.

The defendant raises two questions by his pleadings: first, that the plaintiff has not shown title and possession in himself of the locus of the alleged acts of trespass; and second, that the public by adverse use had acquired a right to pass and repass over the premises described in the plaintiff's declaration.

To dispose of the last contention first. We think if the public ever acquired by prescription any right to use these premises as a highway, no evidence is offered by the defendant of any adverse use by the public of this land which could give the defendant the right to use it for a landing or parking place for his aeroplane for his own private gain.

With respect to the plaintiff's title and possession he must, it is true, not only show title but possession at the time of the alleged trespass. Where his claim of title rests upon a mere release deed or a quitclaim of all right, title and interest, the plaintiff, unless he shows title in his grantor, must not only produce his deed, but also furnish proof of actual possession of the premises described therein. *Butler* v. *Taylor*, 86 Maine, 19. But where he acquires his title by warranty deed, or if by deed of release and it appears that his grantor acquired title by a warranty deed, then the plaintiff is held to be in constructive possession, which is sufficient to maintain this form of action against one who shows no title. *Rand* v. *Skillin*, 63 Maine, 103; *Ripley* v. *Trask*, 106 Maine, 547; *Smith* v. *Sawyer*, 108 Maine, 485.

The deeds introduced in this case show that, while the plaintiff acquired his title to the locus by a quitclaim deed of all right, title and interest, the plaintiff's grantor acquired title by warranty deed from one Eastman Hutchins, at least, to all that part of the premises described in the plaintiff's declaration as lies between the State Road

and high-water mark, which is the real locus of the alleged acts of trespass. It is therefore, unnecessary to determine in this case whether land running to the "Sea Beach," which is the easterly boundary fixed in the Hutchins deed of the land conveyed to the plaintiff's grantor, extends to low-water mark; but see *Cutts* v. *Hussey*, 15 Maine, 241; *Littlefield* v. *Littlefield*, 28 Maine, 184; *Hodge* v. *Boothby*, 48 Maine, 71. The acts complained of were shown and admitted to be above high-water mark and therefore within the premises described in the warranty deed from Eastman Hutchins to Samuel G. Donnell, the plaintiff's grantor; hence possession to this much of the premises described in the declaration must, prima facie, at least, be held to be in the plaintiff which is sufficient to enable him to maintain this action, since the defendant justifies only by license from one not shown to have any title whatsoever. *Smith* v. *Sawyer*, supra.

The actual damages, however, resulting from the acts complained of were not large. No special damages are claimed in the declaration. Nor does it appear that the continued acts of trespass, though done against the protest of the plaintiff, were wilful in the sense that they were done without any claim of right or license, the defendant apparently in good faith obtained leave from the owner of lot 5, presumably upon the assumption that each owner of the upland owned as far as low-water mark, and at once moved his aeroplane from the land in front of the plaintiff's lots when he learned of his objections. Otherwise exemplary damages might be allowed. *Ames* v. *Hilton*, 70 Maine, 36. We think one hundred dollars sufficient to compensate the plaintiff for such damages as may be recovered under his declaration

> *Judgment for plaintiff.*
> *Damages assessed at one*
> *hundred dollars.*